IN THE UNITED STATES DISTRICT COURT FOR THE
                           WESTERN DISTRICT OF OKLAHOMA

DICKLA GAINES                          )
                                       )
                 Plaintiff,             )
                                       )
vs.                                    )        Case No. 5:25-cv-00661-R
                                       )
HALLIBURTON ENERGY                     )
SERVICES, INC., a Delaware             )
corporation; and CESAR RODRIGUEZ,      )
individually,                          )
                                       )
                 Defendant.             )

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: October 7, 2025

Appearing for Plaintiff:   Bryan Garrett, OBA #17866
                              Bryan Garrett PLLC
                              210 Park Ave., Ste. 1810
                              Oklahoma City, OK 73102
                              bryan@bgarrettlaw.com


Appearing for Defendant: Gerald P. Green, OBA No. 3563
                              Hailey M. Hopper, OBA No. 31093
                              Jessica James Curtis, OBA No. 35140
                              PIERCE COUCH HENDRICKSON
                              BAYSINGER & GREEN, LLP
                              Post Office Box 26350
                              Oklahoma City, OK 73126
                              Telephone: (405) 235-1611
                              Facsimile: (405) 235-2904
                              jgreen@piercecouch.com
                              hhopper@piercecouch.com
                              jjamescurtis@piercecouch.com

                       **Jury Trial Demanded ☐  -  Non-Jury Trial X**

1.  **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    On June 1, 2021, Defendant's employee struck Plaintiff's vehicle while parked in a parking lot. This impact caused injuries to Plaintiff resulting in medical treatment, medical expenses, lost wages and pain and suffering.

    Defendant admits that its employee struck Plaintiff's vehicle, but denies the nature and extent of Plaintiff's claimed damages.

2.  **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 1332 and 2201.

3.  **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

    Defendant's employee who struck Plaintiff's vehicle was acting in the course and scope of his employment at the time of the subject incident.

    Plaintiff is not asserting a claim for property damage.

4.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.  Plaintiff:
        Defendant's employee failed to use reasonable care in the operation of the motor vehicle;
        Defendant's employee failed to devote full time and attention to his driving;
        Defendant's employee failed to keep a proper lookout;

    b.  Defendant:
        Plaintiff's damages are limited by the provisions of 12 O.S. § 3009.1.
        All liability is several pursuant to 23 O.S. § 15.

5.  **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
    Do any of the claims or defenses draw into question the constitutionality of

a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?   □ Yes   X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Defendant may request a Protective Order depending upon the scope of discovery.

7. **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  X Yes    □ No
    If "no," by what date will they be made?

    Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be filed within fourteen (14) days of the filing of this *Joint Status Report and Discovery Plan*.

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>September 11, 2025</u>

    B. The parties anticipate that discovery should be completed within <u>six (6)</u> months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>Six (6) months</u>.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        X Yes □ No

    E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        X Yes □ No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure

to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

<u>No agreements have been made at this time.</u>

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9. **ESTIMATED TRIAL TIME**: 2-3 days

10. **BIFURCATION REQUESTED**: ☐ Yes X No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good   X Fair  ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:   X Yes   ☐ No

    B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    ☐ Other _____
    X None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>?   ☐ Yes    X No

14. <u>Type of Scheduling Order Requested</u>.  X Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 30th day of September 2025.

Respectfully submitted,

  /s/ Bryan Garrett
Bryan Garrett, OBA #17866
Bryan Garrett PLLC
210 Park Ave., Ste. 1810
Oklahoma City, OK 73102
Telephone:  405-839-8424
Facsimile:   888-271-7270
bryan@bgarrettlaw.com


  /s/  Hailey M. Hopper
Gerald P. Green, OBA No. 3563
Hailey M. Hopper, OBA No. 31093
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, LLP
Post Office Box 26350
Oklahoma City, OK 73126
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
jgreen@piercecouch.com
hhopper@piercecouch.com
jjamescurtis@piercecouch.com