## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DICKLA GAINES,                          )
                                        )
            Plaintiff,                  )        Case No. 5:25-cv-00661-R
                                        )
v.                                      )
                                        )
HALLIBURTON ENERGY                      )
SERVICES, INC.,                         )
                                        )
            Defendant.                  )

### DEFENDANT HALLIBURTON ENERGY SERVICES, INC'S
### REPLY IN SUPPORT OF SUMMARY JUDGMENT

Defendant Halliburton Energy Services, Inc., moved for summary as Plaintiff is judicially estopped from continuing to prosecute this matter due to her Chapter 7 Bankruptcy and failure to disclose this action. Plaintiff does not dispute that she filed for bankruptcy, nor does she dispute that she failed to disclose her lawsuit in the bankruptcy. In fact, she readily admits both facts. (Doc. 23, p. 3). However, she claims that summary judgment should still be denied, as she did not "intentionally conceal" the lawsuit from the bankruptcy court. Instead, she did not understand she needed to disclose it, and no one told her she had to. However, this argument as an attempt to avoid judicial estoppel is rejected by the Tenth Circuit. *See, e.g., Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1157 (10th Cir. 2007) (rejecting a debtor's argument that his failure to disclose his lawsuit was his bankruptcy attorney's fault); *Ordonez v. Canyons Sch. Dist.,* 788 F. App'x 613, 617 (10th Cir. 2019) ("[e]ven if [the debtor] asserts that her failure to disclose her claim before February 2017 was the result of a mistake (say, from mistaken advice), that failure could

still support judicial estoppel"); *Anderson v. Seven Falls Co.*, 696 F. App'x 341, 347 (10th Cir. 2017) (holding that district court did not abuse its discretion when inferring that the debtor knew about a potential claim and had motive to conceal a potential asset that could result in the denial of a discharge in bankruptcy).

## I.    DEFENDANT'S FACTS SHOULD BE DEEMED ADMITTED

LCvR56.1 requires that a party opposing summary judgment "begin with a section responding, by correspondingly numbered paragraph, to the facts that the movant contends are not in dispute and shall state any fact that is disputed." LCvR56.1(c). All material facts may be deemed admitted if the party opposing summary judgment fails to specifically controvert them using the procedures set forth in the rule. LCvR56.1(e).

Plaintiff did not refute any of Defendant's Undisputed Facts as required by the Local Rules. She did not respond by correspondingly numbered paragraphs, nor did she specifically state which facts she disputes. Rather, Plaintiff admits that she does not dispute the substance of Defendant's facts; she only disputes the characterization of such facts. (Doc. 26, p. 23). This does not create a question of material fact.

Plaintiff's "facts" offered to supposedly correct the characterizations made by Defendant do not preclude summary judgment, as these facts are not supported by the record, nor are they material. Plaintiff claims that she was not intentionally trying to conceal her personal injury suit and that her creditors would not have gotten a distribution from the lawsuit, even if it had been disclosed. But she cites no evidence that supports this conclusion. Plaintiff's intent is irrelevant, as judicial estoppel applies even to inadvertent omissions. *See Eastman*, 493 F.3d at 1157. Additionally, whether creditors would have

received a distribution is nothing more than a self-serving legal conclusion. It is not a fact. Finally, Plaintiff's affidavit is not enough to raise a genuine issue of material fact in this case. The Tenth Circuit has been clear, "[w]e do not consider conclusory and self-serving affidavits." *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1201 (10th Cir. 2015) (*quoting Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002)). In sum, Plaintiff has provided this Court with no real basis for a genuine dispute of fact. As such, all material facts should be deemed admitted.

## II.    PLAINTIFF'S INTENT IS IRRELEVANT

The remainder of Plaintiff's Response does little to rebut Defendant's arguments, as all it does is assert arguments that have been repeatedly rejected by this Court under similar circumstances. Plaintiff's entire argument is that there is no evidence that Plaintiff had any motivation to conceal her personal injury case, and as such, judicial estoppel does not apply. She goes on to claim that courts consistently refuse to invoke judicial estoppel when the failure to disclose was due to confusion, attorney error, or lack of awareness. Yet, Plaintiff cites no case law to support such a proposition. In fact, courts throughout this Circuit have expressly held otherwise. *Eastman,* 439 F.3d at 1157-58 (collecting cases).

The Tenth Circuit does not focus on whether a debtor subjectively intended to deceive the Court. Plaintiff herself cites to the Tenth Circuit's clear position that failure to disclose is deemed inadvertent or mistaken "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment" *Eastman,* 439 F.3d at 1157 (citing *In re Coastal Plains, Inc.,* 179 F.3d 197, 210 (5th Cir.1999). However, Plaintiff too narrowly construes the "motive" portion of this statement and

3

claims that judicial estoppel cannot be applied when there is no evidence that a debtor made a conscious, motivated decision to conceal her claim. (Doc. 23, p. 5-6). This is flatly untrue.

Defendant does not need to prove motive as an independent element. Motive is inferred as a matter of law from the combination of knowledge and financial interest. "Where a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at times *sub silentio*, infer deliberate manipulation." *Eastman*, 493 F.3d at 1157. It is common sense to assume that every debtor who files bankruptcy with a pending personal injury claim has an inherent, self-evident motive to conceal their claim from creditors, which is the financial benefit of keeping a potential recovery from the claim out of the bankruptcy estate. Plaintiff is no different. She knew of this lawsuit, she was represented by counsel in pursuing it, and she stood to benefit financially from keeping it hidden from her creditors and the bankruptcy court (regardless of whether she actually intended to conceal it).

Plaintiff cannot defeat judicial estoppel simply by claiming ignorance to the requirement to disclose. *Queen v. TA Operating, LLC,* 734 F.3d 1081 (10th Cir. 2013). In fact, the Tenth Circuit has held that "a debtor's affidavit claiming ignorance of a disclosure duty based on bad legal advice was insufficiently probative to create a genuine issue of material fact." *Anderson v. Seven Falls Co*., 696 F. App'x 341, 345 (10th Cir. 2017) (citing *Eastman,* 493 F.3d at 1157). In *Anderson*, a debtor in a similar position submitted an affidavit stating that she believed she did not have a duty to disclose her injury or potential claim because her bankruptcy attorney did not affirmatively tell her to. *Id*. The Court found that these statements were nothing more than bare assertions unsupported by other facts in

the record. *Id*. The same is true here. Plaintiff claims that she had no idea her lawsuit should be disclosed. Yet, when she filed for bankruptcy, she retained separate counsel and did not mention the bankruptcy to her counsel in this case. This fact alone points to a motive for keeping her lawsuit out of her bankruptcy proceedings. Put simply, Plaintiff's self-serving affidavit fares no better than the one rejected in *Anderson* and does not create a genuine issue of material fact sufficient to survive summary judgment. *Id.*

## III.    THE BANKRUPTCY COURT WAS MISLED

Plaintiff contends that because the Trustee's no-asset determination was independently driven by the overall composition of the estate, and thus the bankruptcy court cannot be said to have accepted any position premised on the omission of this lawsuit, and as such, the court was not misled. This argument ignores the fact that the bankruptcy court did accept Plaintiff's sworn statement on her bankruptcy forms, which stated she had no claims against Third Parties. (Doc. 20-3, p. 14). The Court relied on these forms and Plaintiff's representation of her potential assets in granting the discharge, which in and of itself is the Court's acceptance of the Plaintiff's position. *See Anderson,* 696 F. App'x at 346 ("[a] bankruptcy court accepts a debtor's position as to the value of her estate when it grants a discharge based on that debtor's disclosures").

Next, Plaintiff argues that there is no "perception" that the court was misled because the Trustee's outcome was not contingent on the omitted information. This is also unpersuasive. As an initial matter, there is no evidence supporting Plaintiff's claim that knowing of this action would not have impacted the trustee's conclusion. Common sense dictates that if the Trustee, or the bankruptcy court, knew of a potential asset that Plaintiff

claims is valuable, it very well may have changed the outcome of the bankruptcy. Additionally, under Plaintiff's theory, judicial estoppel could never apply in a no-asset bankruptcy case, because the Trustee's no-asset determination would always be characterized as independently driven by the overall estate composition rather than any particular omission. But this is not the law, and Tenth Circuit precedent has applied judicial estoppel in no-asset cases. *Anderson*, 696 F. App'x at 346. The Court, and Plaintiff's debtors, were plainly misled as to her assets and judicial estoppel is thus appropriate.

## IV.    PLAINTIFF RECEIVED AN UNFAIR ADVANTAGE

Plaintiff also claims that since there was "no harm" to creditors, there is no unfair advantage. But the unfair advantage in judicial estoppel is not measured by what creditors ultimately would have received. It is measured by what the debtor gained. *Eastman*, 493 F.3d at 1160. Here, Plaintiff obtained a discharge of $70,068.85 in personal debt while simultaneously preserving for herself a personal injury lawsuit she never disclosed, and thus never gave her creditors an opportunity to evaluate it. **That** is the unfair advantage.

Plaintiff's argument that the rationale adopted in *Queen v. TA Operating, LLC,* does not apply here is entirely inaccurate. In *Queen*, the Tenth Circuit affirmed that a debtor "receives the ultimate benefit of bankruptcy when he receives a discharge," and that receiving a discharge without disclosing a pending personal injury action provides "an unfair advantage over his creditors." *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1092 (10th Cir. 2013) (quoting *Eastman*, 493 F.3d at 1159–60). The Tenth Circuit then directly confronted the same argument Plaintiff raises here, whether an unfair advantage exists because the lawsuit proceeds would have been exempt anyway. The Tenth Circuit rejected

the argument, holding that the exemption argument did not negate the unfair advantage where the debtor could "pursue the litigation without the risk that any of the award would go to their creditors." *Id.* at 1093-94. *Queen* clearly forecloses Plaintiff's argument.

Moreover, as with the plaintiff in *Queen*, Plaintiff's blanket assertion that her entire recovery would have been exempt is both legally incorrect and factually unsupported. Oklahoma's personal injury exemption is capped at $50,000 net and expressly excludes punitive and exemplary damages entirely. 31 O.S. § 1(A)(21). Any recovery above that threshold would have been available to the estate. Plaintiff has offered no evidence establishing her recovery would fall entirely within that cap; in fact, she has continually claimed that the amount in controversy exceeds $75,000 (hence Defendant's removal of the action to this Court).

## V.   FED R. CIV. P. 17 DOES NOT CHANGE THAT DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AGAINST PLAINTIFF

Fed. R. Civ. P. 17(a)(3) also does not save Plaintiff's claim. As an initial matter, Fed. R. Civ. P 17 is inapplicable here. The Tenth Circuit has stated that "the only situation to which Rule 17 applies" is "an attempt to avoid dismissal for failure to name the real party in interest." *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1250 (10th Cir. 2017) (cleaned up); *see also Česká Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1260 (10th Cir. 2023). Defendant has not moved to dismiss for failure to name the real party in interest alone. Defendant primarily moved for summary judgment on the basis of judicial estoppel. Rule 17(a)(3) substitution is therefore unavailable. *Little*, 870 F.3d at 1250.

Even if the Court ignores that Fed. R. Civ. P. 17 does not apply; Plaintiff cannot now use it retroactively to cure her omission, which triggers the applicability of judicial estoppel. The Tenth Circuit is clear that reopening a bankruptcy does not undo the unfair advantage already gained. *Eastman*, 493 F.3d at 1157. Courts in this Circuit have granted summary judgment on judicial estoppel grounds against the debtor-plaintiff, even after the bankruptcy was successfully reopened and a trustee intervened as the real party in interest, because the debtor's own claim remains barred regardless of what the trustee may subsequently do. *See Lemaster v. Collins Bus Corp.*, No. 11-2128-JTM, 2012 WL 5397996, at *5–6 (D. Kan. Nov. 2, 2012).

Finally, Plaintiff's argument that dismissal would be inequitable because it would reward Halliburton misunderstands the point of judicial estoppel. Judicial estoppel exists to protect the integrity of the courts and "prevent improper use of judicial machinery." *See New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001). The fact that its application may benefit Halliburton in this case does not extinguish its applicability. The reality is that Plaintiff had a pending lawsuit, had a financial motive to conceal it, and had separate litigation counsel actively pursuing it–all while representing to the bankruptcy court that her forms were complete and accurate. This is exactly the type of situation that judicial estoppel was designed to address, and it must be applied here.

WHEREFORE, Defendant Halliburton Energy Services, Inc. respectfully requests that the Court enter summary judgment in its favor and against Plaintiff, as a matter of law, as to all claims asserted in this action, together with its attorney's fees and costs and any other relief that this Court deems to be just and proper.

8

Respectfully submitted,

 s/ Jessica James Curtis
Gerald P. Green, OBA No. 3563
Hailey M. Hopper, OBA No. 31093
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
 BAYSINGER & GREEN, LLP
Post Office Box 26350
Oklahoma City, OK  73126
Telephone:    (405) 235-1611
Facsimile:     (405) 235-2904
jgreen@piercecouch.com
hhopper@piercecouch.com
jjamescurtis@piercecouch.com
**Attorneys for Defendant**
**Halliburton Energy Services, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Bryan Garrett
210 Park Avenue, Suite 1810
Oklahoma City, OK  73102
bryan@bgarrettlaw.com
*Attorney for Plaintiff*

 s/ Jessica James Curtis
Jessica James Curtis

9